```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE   NO.   09-14253-Civ-MARTINEZ
                              MAGISTRATE JUDGE P.A. WHITE
```

DEMETRIOUS OSBOURNE,            :

    Petitioner,              :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,               :

    Respondent.              :
_____

## I. Introduction

Demetrious Osbourne, who is presently confined at Okeechomee Correctional Institution in Okeechobee, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 01-3834-CF, entered in the Nineteenth Judicial Circuit Court for St. Lucie County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Procedural History

On July 19, 2002, Osbourne was charged with robbery with a deadly weapon and aggravated battery. [DE# 14, Ex. 2]. After a trial, the jury convicted Osbourne of robbery with a firearm and

aggravated battery while possessing a firearm. [DE# 14, Ex. 3]. On April 21, 2003, he was adjudicated guilty on both charges and sentenced to the statutory maximum sentence of life on the armed robbery charge and fifteeen (15) years on the aggravated battery charged. [DE# 14, Ex. 4]. Both sentences included a minimum mandatory sentence of ten years for possession of a firearm. [DE# 14, Ex. 4].

Osbourne appealed his conviction. [DE# 14, Ex. 5]. Counsel filed an Anders brief. [DE# 14, Ex. 5]. While the appeal was pending Osbourne filed a pro se motion to correct sentence with the trial court. [DE# 14, Ex. 6]. He challenged various alleged scoresheet errors. Osbourne argued that the sentencing scoresheet included prior convictions that occurred when he was a juvenile as well as a crime that was not prosecuted. He further argued that he was improperly assessed additional points for victim injury. Osbourne also argued that the prosecutor improperly argued lack of remorse as a sentencing factor. The State responded that any error in the scoring for prior criminal conduct was de minimus and that an argument regarding lack of remorse was proper in response to defense counsel's argument for mitigation. [DE# 14, Ex. 7]. The State also contended that a motion to correct an illegal sentence was not a proper vehicle to address the prosecutor's allegedly improper argument. The State trial court adopted the State's response and denied the motion to correct sentence. [DE# 14, Ex. 8].

On August 31, 2005, the Fourth District Court of Appeal affirmed Osbourne's conviction and sentence without written opinion. [DE# 14, Ex. 9].

On June 20, 2006, Osbourne filed a motion for post conviction

relief. [DE# 14, Ex. 11].  In his motion, Osbourne raised seven claims.  Among those claims were that his life sentence violated due process and that counsel was ineffective for failing to object to the prosecutor's alleged improper argument of aggravating factors at sentencing.  Osbourne argued that his life sentence was improper because his sentence scoresheet included victim injury points despite the fact that his co-defendant shot the victim and a subsequent appellate decision found that the shooting was separate from the robbery for which Osbourne was convicted. Regarding the ineffective assistance of counsel claim, Osbourne argued that counsel should have objected to the prosecutor's argument that he had failed to take responsibility for his actions. He also claimed that counsel should have argued against the imposition of the points assessed for severe victim injury.

In its response to the motion the State argued several grounds, including procedural bar, to deny the challenge to the inclusion of victim injury points. [DE# 14, Ex. 12].  The State contended that the victim injury points were proper given that Osbourne was continuing to take the victim's property while his co-defendant shot the victim.  The State further contended that, even if the victim injury points were improperly included in the scoresheet, there was no effect on the ultimate sentence imposed. The State argued that counsel was not ineffective because the State is permitted to argue or present evidence to negate mitigation.

The trial court denied five of the grounds raised in the motion without a hearing. [DE# 14, Ex. 13].  The trial court granted an evidentiary hearing on the two claims discussed above. The court found that an evidentiary hearing was required to determine if victim injury points were properly applied.  The court also found that an evidentiary hearing was necessary to determine

3

if the State's arguments were presented as aggravating factors or to negate mitigation.

On August 22, 2007, an evidentiary hearing was held. [DE# 14, Ex. 14]. During the evidentiary hearing the trial court noted that with the victim injury points assessed Osbourne's minimum guidelines sentence was 106 months and without the additional points the minimum guidelines sentence was 76 months. In either event, Osbourne was still subject to a mandatory minimum sentence of ten years. The court found that the inclusion of the victim injury points was inconsequential, because whether they were imposed or not, Osbourne faced a minimum mandatory sentence of ten years on both charges. The court also found that there was no evidence that any comment by the prosecutor influenced the sentencing judge. The court found that trial counsel for Osbourne testified that the prosecutor never said that Osbourne was not remorseful. On January 14, 2008 the court issued a formal written order denying the two claims that had been the subject of the evidentiary hearing. [DE# 14, Ex. 15].

On August 22, 2008 the District Court of Appeal granted Osbourne's motion for belated appeal of the denial of his motion for post-conviction relief. [DE# 14, Ex. 16]. Osbourne, proceeding pro se, filed a brief in support of his appeal. [DE# 14, Ex. 17]. In his brief he argued (1) the court's finding that the addition of the victim injury points was inconsequential was not supported by competent substantial evidence; and (2) the court's denial of the ineffective assistance of counsel claim was error as a matter of fact and law because it was based on the judge's personal opinion and lack of record evidence.

On April 29, 2009 the District Court affirmed, without written

4

opinion, the denial of Osbourne's motion for post conviction relief. [DE# 14, Ex. 20]. An order denying rehearing was issued on June 5, 2009. [DE# 14, Ex. 21]. The mandate issued on June 29, 2009. [DE# 14, Ex. 22]. No further actions were pursued in State court.

Osbourne filed the instant petition on July 24, 2009.[1] He raises two grounds for relief. In his first ground he argues that his "life sentence for armed robbery violates due process and is fundamentally unfair given the newly discovered facts [of his co-defendant's appeal] that the attempted murder, shooting of the victim was a wholly separate act from the robbery of which [Osbourne] was neither charged or convicted." In his second claim, Osbourne argues that he was denied "effective assistance of counsel on failure to object to improper factors in aggravation of the sentence."

### III. Statute of Limitations

Considering all properly tolled time, the petition is timely filed. The State does not contest the timeliness of the petition.

### IV. Exhaustion

A petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2254 unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Both claims raised in Osbourne's petition, were previously raised in State court. The

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

State does not contest that Osbourne has exhausted his claims in State court.

### V. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir.

6

2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

## VI. Discussion

(1) Sentencing claim

Osbourne's first claim, that the victim injury points were improperly assessed in violation of due process, was subject to an evidentiary hearing before the State court. Although the trial court granted an evidentiary hearing on this claim, it became evident shortly after the hearing commenced that this claim was without merit under State law. The trial court found that, since Osbourne was subject to a minimum mandatory sentence that exceeded his guidelines sentence, the inclusion of the victim injury points was inconsequential.

Osbourne has not argued with any specificity how the inclusion of the victim injury points were violative of due process. In his petition, Osbourne has not cited to any controlling United States Supreme Court precedent. However, in his appeal in State court he cited to Apprendi v. New Jersey, 530 U.S. 466 (2000), arguing that the victim injury points could not be considered to enhance his sentence because no injury was found by the jury. He does raise an argument in his petition that he had a right not to be punished for elements of an offense for which he was neither charged, tried nor

7

convicted.

To the extent that Osbourne has raised an Apprendi claim it is without merit. Apprendi requires that any fact, other than a prior conviction, that increases a defendant's sentence above the statutory maximum must be established before a jury beyond a reasonable doubt. Apprendi 530 U.S. at 489-490.

Under Florida law the Criminal Punishment Code sets the minimum sentence. See Fla. R. Crim. P. 3.704(d)(25). A trial judge has discretion to impose any sentence up to the maximum established by statute. Id. Under Florida law the statutory maximum sentence for armed robbery with a firearm is life. See § 812.13(2)(a), Fla. Stat. The jury specifically found that Osbourne was armed with a firearm during the robbery.

In Osbourne's case the Criminal Punishment Code called for a sentence of 103.5 months and the statutory maximum was life. Osbourne also was subject to a minimum mandatory sentence of ten years for his possession of a firearm during the commission of the crime. See § 775.087(2)(a)1, Fla. Stat. Thus, Osbourne faced a minimum mandatory sentence that exceeded the minimum sentence prescribed by the Criminal Punishment Code. Under Florida law the trial court was required to impose this minimum mandatory sentence regardless of the scoresheet. See § 775.087(2)(c). Thus Osbourne's sentence was within the sentencing structure established under Florida law.

Osbourne's sentence was for the statutory maximum of life. The maximum was established based on his possession of a firearm during a robbery. The fact of his possession of a firearm was established beyond a reasonable doubt by the jury. Since the

Criminal Punishment Code merely sets the minimum sentence and his sentence did not exceed the statutory maximum, his sentence was not violative of Apprendi. Osbourne was not sentenced beyond the statutory maximum of life. Thus there is no basis to attack his sentence under Apprendi.

To the extent that Osbourne is challenging the State's application of its sentencing laws, his claim is not cognizable. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief). Moreover, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). See also Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983).

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam). The application of the Criminal Punishment Code and sentenceing scoresheets is a question of state law. The Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged.

9

A state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when it is "couched in terms of equal protection and due process." Id. at 1508, quoting Willeford v. Estelle, 538 F.2d 1194, 1996-98 (5 Cir. 1976). Therefore, a state decision affecting only the sentencing rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application. Other than the apparent Apprendi claim, Osbourne's challenge to his sentence is not reviewable as it involves merely and application of the Florida sentencing provisions.

(2) Ineffective assistance of counsel claim.

Osbourne's second claim is that counsel was ineffective for failing to object to the prosecutor's argument. Osbourne contends that the prosecutor's argued improper factors to aggravate his sentence. Osbourne argues that the prosecutor improperly argued that the court should impose the maximum sentence because of the victim's injuries and Osbourne's lack of cooperation.

The State court conducted an evidentiary hearing on this claim. Osbourne was appointed counsel for the evidentiary hearing. In the course of the hearing Osbourne called his trial attorney to testify. [DE# 14, Ex. 14, p. 36]. Counsel testified that he did not object to the prosecutor's argument because the prosecutor did not mention a lack of remorse. He testified that he made a strategic decision not to object to the prosecutor's argument about Osbourne's lack of cooperation. Counsel testified that he was concerned about the scoresheet. He could not recall if he specifically objected to the victim injury points, but he did argue that Osbourne was not involved in the shooting in support of the minimum sentence. He also argued Osbourne's lack of an adult

10

criminal record. Other than brief testimony of Osbourne himself, there was no further testimony.

The State court, after hearing the testimony and reviewing the sentencing transcript, found that there was no evidence that the sentencing judge relied on any inappropriate factors in sentencing. The court found that the prosecutor's comments were so brief as to be inconsequential. The court specifically found that there was no evidence that the sentencing court even addressed Osbourne's lack of remorse, finding that the only evidence of any argument regarding lack of remorse was trial counsel's testimony that the prosecutor did not argue lack of remorse. The written order of the court simply stated that there was no finding that the sentencing judge considered any statements by prosecutor involving remorse during sentencing. [DE# 14, Ex. 15].

The United States Supreme Court clearly established the law governing such claims in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

11

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, Osbourne must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

The State court in the instant case did not explicitly reference Strickland in it decision. This is not surprising considering that the court found that there had been no error in Osbourne's sentencing. Essentially this is a finding that Osbourne failed to either establish deficient performance or prejudice. Osbourne does not argue before this court how the State court's ruling was contrary to, or an unreasonable application of controlling federal law. At best he argues that the State court's factual decision was not reasonable in light of the evidence presented.

Osbourne's contention that the State court's factual findings were erroneous is premised on his argument that there was no evidence presented at the evidentiary hearing to establish that the sentencing court did not consider the prosecutor's argument. Osbourne's argument fails to recognize that he has the burden to present the evidence to establish that counsel was ineffective and that he was prejudiced. Osbourne did not present evidence that the prosecutor's argument was improper. To the contrary the testimony

12

of his trial counsel was that he did not find the prosecutor's argument to be objectionable. Even if the argument was improper, Osbourne failed to present any evidence that his sentence was the result the prosecutor's argument. In light of this lack of evidence, the State court's determination that there was no evidence that the sentencing judge considered improper factors in sentencing cannot be said to be unreasonable.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Demetrius Osbourne, pro se
      DC#K61685
      Okeechobee Correctional Institution
      3020 N.E. 168th Street
      Okeechobee, FL 34972


      Joseph A. Tringali, AAG
      Office of the Attorney General
      1515 North Flagler Drive
      Suite 900
      West Palm Beach, FL 33401-2299